ALMON, Justice.
This is an appeal from a summary judgment in favor of the plaintiff, Stephanie Ann Ingram, and against the defendant, Helen Massey, in an action on a promissory note. The only question presented is whether there were any genuine issues of material fact that would preclude summary judgment. See Rule 56(c), Ala.R.Civ.P.
Massey’s son, John Steven Walker, was obligated under a divorce judgment to pay child support to Ingram. In 1988 Walker was found to be in arrears in the payment of child support jn the amount of $19,000, Because of his refusal to pay the court-ordered child support, Walker was incarcerated in the Dallas County jail. In order to secure Walker’s release, an agreement was reached among Massey, Walker, the assistant district attorney handling the case, and Massey’s lawyer, wherein Massey agreed to execute a promissory note in the amount of back child support due, payable to Ingram in the amount of $100 per month. That note was executed by Massey on March 3, 1988, and contained the following language:
“[TJhe maker, endorser, surety or guarantor of this note severally waive demand, presentment, protest, notice of *1273 protest and all other requirements necessary to hold them.”
After that note was executed, Walker assumed the responsibility for making the payments owed by his mother. That responsibility, however, was the apparent result of an informal “understanding” among the parties; no new note was executed to relieve Massey of her obligations under the note executed in March 1988. Walker failed to make the payments due from November 1988 through February 1989. Ingram then filed an action on the note, pursuant to the acceleration clause contained in that agreement:
“In case of failure to pay any of the installments on the date the same falls due, all of the installments, whether due or not, shall become immediately due and payable.”
Ingram then filed a motion for summary judgment that was supported by the pleadings, Ingram’s answers to Massey’s interrogatories, court records that contained the agreement and promissory note, and Massey’s answers to Ingram’s interrogatories, wherein Massey averred that she was a competent adult and admitted signing the note voluntarily. The trial court granted Ingram’s motion. Massey appeals, arguing that the summary judgment was improper because, she says, there was a genuine issue of material fact.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c); Sadie v. Martin, 468 So.2d 162 (Ala.1985). Massey contends that there was substantial evidence of two defenses that presented genuine issues of material fact that made summary judgment improper: (1) that she had no notice that her son had failed to make payments, and was entitled to such notice; and (2) that she brought the note current after receiving notice that her son had failed to make the payments owed for November, December, January, and February.
Neither of the defenses raised by Massey, lack of notice and tender of past due payments, was a viable defense to Ingram’s action. The note explicitly stated that Massey waived any right to notice of default and contained an acceleration clause triggered by default. That clause made all payments on the note due upon default; therefore, Massey’s payment of the four past due payments did not preclude Ingram’s action. Ordinarily, when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby. See Wilson v. World Omni Leasing, Inc., 540 So.2d 713, 717 (Ala.1989), and the authorities cited therein.
For the reasons stated above, we conclude that there was no genuine issue of material fact and that Ingram was entitled to a judgment as a matter of law. Rule 56(c); Sadie, supra. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.